



**Contact:** Mathew Gimpert

**Invoice address:** 476734

**GAF Corporation**
**Attn: Cindy Wright**
**1361 Alps Rd Bldg 2-1**
**Wayne NJ 07470-3700**

**Delivery address:** 476734

**ROOFING SUPPLY GROUP - ORLANDO LLC**
**1441 SW 30TH AVE, STE 28**
**POMPANO BEACH FL 33069**

| Henkel Corporation | | Page 1/2 |
|---|---|---|
| **Invoice** Copy | | |
| No. 9421370630 from 03/23/2010 | | |
| Our reference No. | Our delivery No. | Our shipment No. |
| 990934 | 84517305 | 3001287448 |
| Your reference No. | | |
| 99-01316879 | | |
| Order date | | Delivery date |
| 03/11/2010 | | 03/25/2010 |
| Incoterms | | Carrier |
| CPT Carriage Paid To Shipping Point | | Robinson, C.H. Company |
| Terms of payment | | |
| Within 30 days Due net - Due date: 04/22/2010 | | |
| Credit Representative | Tel. | Fax |

**Currency** USD

THIS IS A BLIND SHIPMENT TO ROOFING SUPPLY. HENKEL TECHNOLOGIES SHOULD NOT SHOW ON ANY PAPERWORK.

Please know pricing is $18.64/gal. for this order, total cost for Product, $ 83,880.00

| Item | Material description | | Our Mat. No | Your Mat. No | Cty of orig./Commodity code | |
|---|---|---|---|---|---|---|
| | | Qty | | Price | | Net value |
| 10 | GAF EG H20 3738TG | | 1151344 | 7785100 | US / 3506910000 | |
| | Item No: EG3738TG-P5 | | | | ECCN:EAR99 | |
| | 900 PLS ( 20.000 KG / PLS ) | | | 18.64 USD  /  1 USG | | 83,880.00 |
| | ( 5 USG / PLS ) | | | | | |
| | ( 4,500 USG / 900 PLS ) | | | | | |

| | | |
|---|---|---|
| Sub-total | | 83,880.00 |
| Freight and Handling | | 1,934.68 |
| Final amount | | 85,814.68 |

Henkel Corporation
Order to Cash Competency Center
1 Henkel Way
Rocky Hill, CT 06067
(212) 444-0431

Remit to:
Henkel Corporation
PO Box 281666
Atlanta, GA 30384-1666

www.henkel.com

HENK000002

By accepting this invoice, the customer commits himself to respect our general sales conditions displayed on the reverse side

## INVOICE TERMS AND CONDITIONS FOR PRODUCTS

1. Seller's acceptance of Buyer's order is expressly made conditional on Buyer's assent to these terms and conditions. Buyer shall be deemed to have assented to the provisions hereof in all respects by its use of any goods shipped, or by failure to give Seller written notice of objection which is received by Seller within ten (10) days of Buyer's receipt of products or receipt of Seller's acknowledgment, whichever is earlier. Buyer may return goods for which it has timely objected to Seller's terms and conditions. Seller's commencement, performance and/or delivery shall be for Buyer's convenience only and shall not be construed as acceptance of Buyer's terms and conditions.

2. Seller's products are offered for sale only on the terms and conditions contained herein. Prior dealings between the parties, Buyer's purchase orders or other documents shall not affect said terms and conditions. Seller hereby objects to and shall not be bound by any oral or written agreement or other understanding, or by any change in, addition to, or waiver of any provisions hereof, unless approved in writing by an authorized representative of Seller. Additional terms may apply to sales of returnable plastic drums or equipment.

3. Prices and terms of payment are subject to change without notice, and as to any shipment will be the then current price in effect for that product. Shipping dates are conditional upon availability of product. All sums shall be payable in legal tender of the USA. Acceptance by Seller of bank drafts, checks or other media of payment is subject to collection. Seller may recover for each delivery as a separate transaction, without reference to any other delivery. If Buyer is in default of any provisions of this Contract, Seller may defer further deliveries until the default is remedied in which event, if Seller elects, the Contract shall be deemed extended for a period of time equal to that during which deliveries are deferred or, without prejudice to any other remedy, Seller may terminate the Contract. Payment shall be due no later than 30 days after delivery unless otherwise agreed in writing by Seller. Seller may at any time, however, require payment in advance or at the time of delivery of the products or any part thereof. Seller reserves the right to cancel Buyer's order in the event that Government regulations prohibit selling at the price or prices indicated herein. Any overdue payments shall bear interest at the rate of 1.5% per month or the maximum rate under the usury laws, whichever is less.

4. (a) Seller warrants that its products shall meet Sellers published, or mutually agreed upon, specifications applicable to the products for the period of the products applicable published shelf life. Seller agrees, at its discretion to repair, replace or refund the cost of any product or part thereof proved to be defective in material or workmanship under normal use for a period of sixty (60) days after delivery unless otherwise specifically agreed in writing by the Seller. For equipment, Seller shall provide separate warranties as applicable depending upon the nature and type of equipment. For auxiliary items furnished by Seller, the warranty is limited to that which is available by the manufacturer thereof. THE FOREGOING ARE THE ONLY WARRANTIES WITH RESPECT TO THE PRODUCTS, OR ANY MATERIALS, EQUIPMENT OR ANY OF THE COMPONENTS PURCHASED FROM OTHERS AND FURNISHED BY SELLER, AND THERE ARE NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, STATUTORY OR OTHERWISE. THE WARRANTY OF MERCHANTABILITY IS EXPRESSLY LIMITED AS HEREIN PROVIDED AND ALL WARRANTIES OF FITNESS ARE EXPRESSLY DISCLAIMED AND EXCLUDED.

(b) Seller's recommendations or instructions as to use of any product, including its use alone or in combination with other products or are based upon information believed to be reliable, but Seller makes no warranty or guarantee of results and assumes no obligations or liability with respect thereto. Seller assumes no responsibility for any assembly into which Sellers product is incorporated as a component product or part. Buyer shall be responsible for designing and conducting all testing to determine whether any product is appropriate for its application. Any recommendations or instructions from Seller are not intended to suggest operations that would infringe or not infringe, as the case may be, any patents belonging to third parties, and Seller assumes no liability or responsibility for infringement of any such patents. Seller may, without liability to Buyer of any kind, decline to continue deliveries of any product, the manufacture, sale or use of which, in Seller's opinion, would infringe any such patent now or hereafter issued.

(c) Seller shall not be liable for incidental, consequential or resulting loss or damage of any kind and Buyers exclusive remedy and the limits of Seller's liability, including liability for negligence, shall be the purchase price of that portion of the product proved to be defective. Failure to make a claim within thirty (30) days receipt of the products shall be deemed to constitute a satisfactory performance by Seller and a waiver of all claims by Buyer.

5. All products are sold f.o.b. shipping point with transportation at the expense of Buyer and unless otherwise stated herein, Seller reserves the right to select the means of transportation and routing. (risk of loss or damage shall pass to Buyer upon delivery of the products to the transportation company f.o.b. shipping point). All deliveries made to public carriers are made subject to the terms of such carrier's bill of lading and tariffs, and the carrier shall be deemed the Buyer's agent irrespective of the terms of sale. All risks of loss, damage to, and disappearance of the products shall be borne by the Buyer from after delivery of the products to the carrier. The Seller shall have no liability whatsoever for delay in delivery.

6. Buyer assumes full responsibility for and liability arising out of unloading, discharge, storage handling and use of any product or product container alone or in combination with other substances; compliance or non-compliance with any laws or regulations relating thereto, and damage to or destruction of returnable containers from any cause whatsoever after delivery to Buyer and until their return to Seller in good condition. If applicable, carboys, steel drums and other returnable containers are returnable and remain the property of Seller, with Seller reserving full recapture rights. If a deposit is paid with respect to a returnable container, credit in such amount will be allowed for each such container returned to Seller (f.o.b. Seller's shipping point).

7. Each of Seller's products or part thereof or equipment shipped hereunder shall be deemed accepted by Buyer unless written notice specifying all claimed defects damages, shortages, or nonconformities is received by Seller within ten (10) days of delivery of said products.

8. Time of delivery shall not be deemed of the essence.

9. Buyer shall reimburse Seller for all taxes, excises or charges which Seller may be required to pay to any government or governmental authority which are hereafter levied directly upon the production, sale, transportation or use of any product.

10. Seller shall not be liable for failure to make any deliveries (or portions thereof) arising out of compliance with any law or other governmental action, or arising out of acts of God, labor troubles, shortage of materials or equipment, terrorism, interruption of or delay in transportation, or any other circumstance of like or different nature beyond the reasonable control of Seller. If any such contingencies occur, Seller may, without liability to Buyer of any kind, keep its available supply of any product for its own uses or distribute it among its customers upon such basis and in such manner as Seller deems fair and practicable. At the option of either party the total quantity to be delivered shall be reduced by the quantity not delivered on account of such cause.

11. Seller's weights shall govern, except in case of proved error.

12. Any notice will be sufficiently given when duly mailed, addressed to Seller or to Buyer at their respective addresses appearing herein, or to such other address for either party as that party may designate by written.

13. This contract shall bind the respective successors and assigns of the parties hereto, but none of Buyer's rights or obligations hereunder shall be assigned without Seller's prior written consent.

14. A waiver, by Seller, of non-conformance any provision of this or any other agreement shall not be construed as a waiver of any prior or subsequent non-conformance in this or other transactions.

15. Prices of certain products offered by Seller may include royalty for use thereof in operations covered by patents owned by Seller or under which Seller is licensed with the right to grant sub-licenses. Licenses to use such products at the established royalty rate and unrestricted as to the source of materials used are available from Seller.

16. Seller certifies that in the production of products covered hereby Seller has complied with the provisions of the Fair Labor Standards Act of 1938, as amended. To the best of Seller's knowledge the products covered hereby comply as applicable with the Occupational Safety and Health Act of 1970 and the Toxic Substances Control Act of 1976 currently in effect. Seller's liability hereunder is limited to that stated in Clause 4(c) above.

17. In the event that Seller provides Buyer with propriety compositions for evaluation, Buyer agrees to abide by the Export Administration Regulations promulgated by the U.S. Bureau of Industry and Security and regulations promulgated by the relevant authorities in other jurisdictions, and not export or re-export such proprietary compositions without first obtaining any necessary licenses and the prior written approval by Seller. Seller makes no representation that any proprietary composition supplied to Buyer is available for export, and Seller also makes no representation that any proprietary composition supplied to Buyer meets the International Traffic and Arms Regulations.

HENK000003