# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BUILDING MATERIALS
CORPORATION OF AMERICA and
ROOFING SUPPLY GROUP
ORLANDO LLC,

     **Plaintiffs,**

**v.**               **Case No: 6:15-cv-548-Orl-22GJK**

HENKEL CORPORATION,

     **Defendant.**

_____

# ORDER

   This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**  **DEFENDANT HENKEL CORPORATION'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF ATTORNEYS' FEES (Doc. No. 37)**
>
> **FILED:**   **February 17, 2016**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND.

   On March 10, 2015, Building Materials Corporation of America, doing business as GAF

Materials Corporation ("GAF"), and Roofing Supply Group Orlando LLC ("RSG") (collectively,

the "Plaintiffs") filed a complaint (the "Complaint") against Henkel Corporation ("Henkel" or the

"Defendant") in Florida's Ninth Judicial Circuit Court in and for Orange County, Florida. Doc.

No. 2.   On April 3, 2015, the Defendant removed the action to the United States District Court for the Middle District of Florida on the basis of diversity jurisdiction, 28 U.S.C. § 1332.   Doc. No. 1.

The Defendant is in the business of manufacturing residential and commercial roofing products, including a water-based roofing adhesive.   Doc. No. 2 at ¶¶ 2, 4.   GAF sells residential and commercial roofing products, including a water-based roofing adhesive manufactured by the Defendant.   Doc. No. 2 at ¶ 2.   RSG is a distributor of residential and commercial roofing products, including a water-based roofing adhesive sold by GAF and manufactured by the Defendant.   Doc. No. 2 at ¶ 3.   This is straightforward breach of contract action brought by Plaintiffs against the Defendant, alleging that the terms of GAF's standard Purchase Order Terms and Conditions (the "Purchase Order") (Doc. No. 2 at 104)[1] for a certain water-based roofing adhesive manufactured by the Defendant (the "Product") required Defendant to defend and indemnify Plaintiffs in an underlying action brought against Plaintiffs by a third-party, Thermoset Corporation ("Thermoset").   Doc. No. 2 at ¶¶ 8-25, 34-42.[2]

Thermoset is a roofing contractor, who was installing a roof system at the Lyden Pindling International Airport, Nassau, Bahamas (the "Project") using the Product.   *See* Doc. No. 2 at 2, 34-36.   Ultimately, the roofing system failed and Thermoset brought an action against the Plaintiffs alleging that the Product is defective.   Doc. No. 2 at 3, 33-49.   GAF purchased the Product from the Defendant in March of 2010 and RSG received the Product from the Defendant on March 26, 2010.   Doc. No. 2 at 3.   In the underlying action, which was removed to the United

---

[1] The Purchase Order attached to the Complaint is largely illegible.   *See* Doc. No. 2 at 104.

[2] Plaintiffs also asserted common law indemnity claims (Doc. No. 2 at 6-7, 9-10), but those claims have been voluntarily dismissed.   *See* Doc. Nos. 35-36.

States District Court in and for the Southern District of Florida (*see* Doc. No. 2 at 33-50), the District Court entered summary judgment in favor of GAF and RSG, and the matter is currently on appeal.   *See* Doc. Nos. 37 at 2 n.2; 45 at 2, 4.

The Plaintiffs and Defendant in the instant action agree that the Product is not defective. Pursuant to the terms and conditions of the Purchase Order, Plaintiffs are seeking a determination that Defendant breached its duty to defend and indemnify Plaintiffs in the underling action and for an award of their attorneys' fees and costs incurred in the underlying action.   *See* Doc. Nos. 2 at 6, 9-10; 45 at 5.

The Defendant generally maintains, among other defenses, that it has no duty to indemnify Plaintiffs in the underlying action because GAF provided the Defendant with a specific formula for creating the product, which constitutes a material alteration to the warranty and indemnity terms of the Purchase Order under Section 672.207(2)(b), Florida Statutes.   Doc. No. 37 at 3-4. Discovery disputes have arisen involving the following two (2) issues: (1) whether documents and information related to GAF's request for a modification of the Product, including the specific formula for an antioxidant, which was added to the Product by Henkel at GAF's request, are relevant to the claims and defenses at issue, and proportional to the needs of this case; and (2) whether documents and information, including detailed time sheets, related to the amount of attorneys' fees and costs GAF incurred in the underlying action are discoverable prior to a determination on liability in this action.

## II.    **THE MOTION**.

On February 17, 2016, Defendant filed a Motion to Compel Discovery and for an Award of Attorneys' Fees (the "Motion").   Doc. No. 37.   In the Motion, Defendant seeks an order compelling GAF to: (1) provide better answers to interrogatory nos. 4 and 5 of Defendant's first

set of interrogatories; (2) provide better answers to Defendant's first requests for admission nos. 1 and 2; and (3) produce all documents responsive to request nos. 4 and 5 of Defendant's first requests for production.   Doc. No. 37 at 1.   Pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, Defendant requests an award of its reasonable expenses incurred in bringing the Motion.   Doc. No. 37 at 10.   On March 2, 2016, GAF filed a response (the "Response").   Doc. No. 43.   For the reasons set forth below, the Motion will be **GRANTED in part and DENIED in part**.

III.    <u>ANALYSIS.</u>

    **A. Discovery Generally.**

    Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(1).   A party is entitled to the facts relevant to the litigation. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. 2002).   The party seeking discovery has the threshold burden of demonstrating that the discovery requested is relevant.   *Zorn v. Principal Life Ins. Co.*, 2010 WL 3282982, at *2 (S.D. Ga. Aug. 18, 2010) (citing *Canada v. Hotel Development-Texas, Ltd.*, 2008 WL 3171940, at *1 (N.D. Tex. July 30, 2008)).   Relevant information need not be admissible at trial, but rather discovery must be "proportional to the needs of the case."   Fed. R. Civ. P. 26(b)(1).[3]   "The discovery process is designed to fully inform the parties of the relevant

---

[3] Demonstrating relevance progresses in layers. "When the discovery sought appears relevant on its face, the party resisting it must show the lack of relevance by demonstrating that it: (1) does not come within the broad scope of relevance as defined under discovery rule; or (2) is of such marginal relevance that the potential harm the discovery

facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla.

1990) (*referencing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "[A] party demanding discovery

is required to set forth its requests simply, directly, not vaguely or ambiguously. . . ." *Treister v.

PNC Bank*, 2007 WL 521935, at * 2 (S.D. Fla. Feb. 15, 2007).

   **B.  Interrogatory Nos. 4 and 5.[4]**

   Interrogatory No. 4 asks GAF to: "Identify all persons with knowledge regarding GAF's

tender of defense to [Defendant] of the Thermoset Claim."  Doc. No. 37 at 2.  GAF's answer

provides:

> GAF objects to this interrogatory on the basis that it is overbroad
> and vague.  Specifically, [Defendant's] use of the term "tender of
> defense" is vague.  Subject to and without waiving said objections,
> please refer to GAF's initial disclosures dated July 31, 2015.
> Additionally, GAF states that the following persons may have
> knowledge regarding GAF's notification to [Defendant] of the
> Thermoset Claims: (1) In-house counsel and outside counsel for
> GAF; (2) Christopher Signorello, Esq., Henkel; and (3) Philip J.
> O'Rourke, Esq., counsel for Henkel, Lewis Brisbois Bisgaard &
> Smith LLP. GAF reserves the right to amend its response to this
> interrogatory as discovery continues.

Doc. No. 37 at 2.  Generally, whenever a party objects to an interrogatory and then answers

subject to its objection, the objections are deemed waived.  *See Pepperwood of Naples

Condominium Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-FtM-36SPC, 2011

---

may cause would outweigh the presumption in favor of broad disclosure.  When relevancy of a discovery request is
not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy."  *Zorn*,
2010 WL 3282982, at *2 n. 3 (S.D. Ga. Aug. 18, 2010) (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D.
588, 591 (D. Kan. 2003)).

[4]   The undersigned's Case & Trial Management Preferences, which may be found at
http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgKelly.htm, provide that parties filing motions to compel or
motions for protective order are required to email chambers a Microsoft WORD document containing a full quotation
of each discovery request at issues and response thereto.  Defendant did not email chambers a Microsoft WORD
document containing the same.   In the future, any motion to compel or motion for protective order that fails to comply
with this directive will be denied.

WL 4382104, at *5 (M.D. Fla. Sept. 20, 2011) (citing authority); *Peters v. Boehringer-Ingelheim Pharmaceuticals, Inc.*, 6:15-cv-694-Orl-18TBS, 2015 WL 7721328, at *2 (M.D. Fla. Nov. 30, 2015) (citing authority).   By raising specific objections and then answering, GAF has waived its objections.   *Id*.   Moreover, GAF argues there are "countless individuals" that have knowledge of its tender of defense.   Doc. No. 43 at 5.   Yet, its response only identifies two individuals and contains vague references to in-house and outside counsel.   Accordingly, the Motion will be granted with respect to Interrogatory No. 4 and GAF shall specifically identify and provide contact information for those individuals who have knowledge of GAF's tender of defense to Henkel.

Interrogatory No. 5 asks GAF to: "Identify all persons at GAF's Research and Development department involved with the testing of the formula modifications of the [Product]." Doc. No. 37 at 2.   GAF's answer provides:

> GAF objects to this interrogatory on the basis that it is overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence.   Subject to and without waiving said objections, please refer to GAF's initial disclosures dated July 31, 2015. Additionally, GAF states that Ms. Li-Ying "Tammy" Yang has knowledge regarding GAF's testing of the formula modification of the [Product].   GAF reserves the right to amend its responses to this interrogatory as discovery continues.

Doc. No. 37 at 2-3.   Again, Plaintiffs' objections followed by an answer results in a waiver of Plaintiffs' objections.   Moreover, Defendant is asserting that a material alteration in the parties' contract occurred when GAF requested a modification of the Product by the Defendant manufacturer and when GAF provided Defendant with a specific formula for that modification. Doc. No. 37 at 3-4.   Thus, pursuant to Article II of the Uniform Commercial Code, which is codified in Section 672.207, Florida Statutes, Defendant contends that GAF's requested modification of the Product, along with GAF providing Defendant with the formula for adding an antioxidant to the Produce, constitute material alterations of the warranty and indemnity provisions

of the Purchase Order.  Doc. No. 37 at 3-4; Fla. Stat. 672.207(2)(b).  In the Response, GAF argues that Interrogatory No. 5 is not relevant to any claim or defense in this case because: (1) the only issues in this case are whether the Purchase Order's indemnity clause applies to the Product and whether the underlying litigation triggered the indemnity clause; and (2) the identity of individuals with knowledge of GAF's testing of the Product are not relevant to Defendant's Article II defense.  Doc. No. 43 at 9-11.

The Court finds that the identity of all persons at GAF's Research and Development department involved with the testing of the specific formula for the modification of the Product are related to Defendant's defense under Article II and such information is proportional to the needs of this case.  Accordingly, the Motion will be granted with respect to Interrogatory No. 5 and GAF shall specifically identify and provide contact information for those individuals at GAF's Research and Development department who were involved with the testing of the specific formula utilized for the modification of the Product.

### C.  Requests for Admission Nos. 1 and 2.

Defendant's Request for Admission No. 1 seeks an admission that: "GAF requested modification to the [Product] to include the addition of an antioxidant."  Doc. No. 37 at 8.  GAF's response provides:

> GAF is unable to admit or deny this request as phrased.  GAF admits that it came up with the idea to add an antioxidant to the [Product].  However, [Defendant] formulated the specific antioxidant added to the [Product].

Doc. No. 37 at 8.  GAF's objection to the request "as phrased" is vague and GAF fails to explain with any particularity why it cannot admit or deny that it requested a modification of the Product.  *Id*.  Nevertheless, GAF goes on to admit that it "came up with the idea" to modify the Product by

adding an antioxidant, but Defendant manufactured the antioxidant and added it to the Product.

*Id.*

Rule 36(a)(4), Federal Rules of Civil Procedure, provides:

> If a matter is not admitted, the answer <u>must specifically deny it or
> state in detail why the answering party cannot truthfully admit or
> deny it</u>.   A denial must fairly respond to the substance of the matter;
> and when good faith requires that a party qualify an answer or deny
> only a part of a matter, <u>the answer must specify the part admitted
> and qualify or deny the rest</u>. The answering party may assert lack of
> knowledge or information as a reason for failing to admit or deny
> only if the party states that it has made reasonable inquiry and that
> the information it knows or can readily obtain is insufficient to
> enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added).   Moreover, Rule 36(a)(6), Federal Rules of Civil

Procedure, provides that if the Court determines an answer does not comply with the rules, the

court may deem the matter admitted.   The party responding to a request for admission should not

provide an evasive answer.   *See Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350,

363-65 (D. Md 2012) (citing authority).   As set forth above, GAF's objection is vague and fails

to comply with Rule 36(a)(4)'s requirement that the objecting party state in detail why it cannot

admit or deny the request.   Thereafter, GAF provides an evasive answer, which essentially admits

that GAF requested a modification of the Product to include an antioxidant.   GAF attempts to

further explain that it was Defendant that manufactured the actual antioxidant and then added it to

the Product.   However, that is not the question posed in Request for Admission No. 1.   It only

asked whether GAF requested a modification of the Product to include the addition of an

antioxidant.   GAF seemingly admits the antioxidant was added to the Product at its request.

Accordingly, pursuant to Rule 36(a)(6), Federal Rules of Civil Procedure, the Motion will be

granted with respect to Request for Admission No. 1, and GAF will be deemed to have admitted

that it requested modification of the Product to include an antioxidant.

Defendant's Request for Admission No. 2 seeks an admission that GAF: "admit that the formula to [the Product] was based on the antioxidant recommendations of GAF Research and Development."   Doc. No. 37 at 9.   GAF's response provides:

> GAF is unable to admit or deny this request as phrased.   GAF admits that it came up with the idea to add an antioxidant to the [Product].   However, [Defendant] formulated the specific antioxidant added to the [Product].

Doc. No. 37 at 9.   The Court finds that Admission No. 2 is a vaguely phrased question because it essentially asks GAF to admit that the final Product manufactured by Defendant complied with GAF's formula recommendations and/or requests for the addition of an antioxidant to the Product. GAF attempts to explain this in its answer by stating that it was the Defendant that actually formulated the specific antioxidant added to the Product and, therefore, it cannot admit the formula component with its request.   Accordingly, the Motion will be denied with respect to Request for Admission No. 2, and GAF will be deemed to have denied Request for Admission No. 2.

**D.  Document Request Nos. 4 and 5.**

Document Request No. 4 seeks the following:

> Produce any and all fee statements, invoices, bills, vendor invoices, proof of payment fee agreements, or any other documents which support your claim for attorneys' fees and costs in the amount of $669,927.30 as set forth in your letter dated May 1, 2005 [sic].

Doc. No. 37 at 4.   GAF's response provides:

> GAF objects to this request on the basis that it is premature and requests privileged information.   See In re Estate of Ransburg, 608 So. 2d 49, 51 (Fla. 2d DCA 1992) ("discovery concerning the amount of attorney's fees should be deferred . . . until the trial court has determined entitlement"; HCS Health Services of Fla., Inc. v. Hillman, 870 So. 2d 104, 107 (Fla. 2d DCA 2003) (explaining that time slips and billing records contain attorney-client privileged and work-product protected information).   GAF further objects to this request because GAF's May 1, 2015, letter was a confidential and privileged settlement communication.

Subject to and without waiving said objections, GAF states that the amount of fees and costs stated in its May 1, 2015, letter was based upon an analysis of fees and costs as of April 30, 2015.   GAF further states that it has incurred the following fees as of September 25, 2015 (as referenced below, "KD" means Kubicki Draper and "TDF" means Thornton Davis Fein);
[Table summarizing fees charged by various attorneys adding up to $803,215.00].

The hourly rates for Mr. Bissett, Mr. Cornman, Mr. Fajardo, Ms. Wulwick, Mr. Charlson, Mr. Mora, Mr. Madden, Ms. Capellan, and Ms. Rocchi were determined based upon the hourly rate actually charged by KD and paid by Plaintiffs.   However, the hourly rates for Mr. Fein, Ms. O'Connell, Ms. Coleman, Mr. Lever, Mr. Weiss, and Ms. Jones were calculated based upon two prior Florida state court order awarding fees to TDF (Ex. 6).

[Plaintiffs] are entitled to recover attorneys' fees at the above stated hourly rates pursuant to the alternative fee agreement with TDF. [citing authority.]   The actual hourly rates charged by TDF and paid by [Plaintiffs] are as follows: Mr. Fein ($325.00), Ms. O'Connell ($325.00), Ms. Colman ($325.00), Mr. Lever ($240.00), Mr. Weiss ($240.00), Ms. Jones ($125.00).

As of September 25, 2015, GAF has incurred the following costs: [TABLE summarizing costs adding up to $22,167.99]

<u>The detailed fee and cost records will be timely produced upon a finding of entitlement to fees and costs by the Court.   Further, the fee and cost records will be appropriately redacted to remove any attorney-client privileged and work-product protected information.</u> GAF reserves the right to amended its response to this request as discovery continues.

Doc. No. 37 at 4-5 (emphasis added and tables removed in original).   The amount of attorneys'

fees and costs, and any discovery related thereto is usually a collateral matter to be determined at

the conclusion of the case.   However, GAF's alleged damages in this case are its attorneys' fees

and costs incurred in the underlying action, which is now on appeal.   *See* Doc. Nos. 2 at 6, 9

(requesting damages in the form of attorneys' fees and costs incurred in underlying action); 37 at

6.   Under Rule 26(b)(1), Federal Rules of Criminal Procedure, parties may obtain discovery that

is relevant to any party's claims or defenses, so long as it is proportional to the needs of the case. *Id*. Thus, Defendant may obtain discovery related to GAF's alleged damages. *See* Fed. R. Civ. P. 26(b)(1).[5] Accordingly, the Motion will be granted with respect to Document Request No. 4.

Document Request No. 5 seeks: "Produc[tion] any and all document regarding the testing performed by GAF's Research and Development department with respect to the formula modification of the [Product]." Doc. No. 37 at 5. Document Request No. 5 is overbroad and not proportional to the needs of this case. Accordingly, the Motion will be denied with respect to Document Request No. 5.

**E. Reasonable Expenses.**

Pursuant to Rule 37(a)(5)(A)(ii)-(iii), Federal Rules of Civil Procedure, the Court declines to award Defendant its expenses incurred in bringing the Motion because many of GAF's objections were well-found and, as such, an award of expenses would be unjust. Accordingly, Defendant's request for an award of reasonable expenses is **DENIED**.

**IV.    <u>CONCLUSION</u>.**

Based on the foregoing, it is hereby **ORDERED** that the Motion (Doc. No. 37) is **GRANTED in part and DENIED in part** as follows:

---

[5] The case law relied upon by GAF all involve the normal practice of deferring attorneys' fees and cost determinations in pending cases until the conclusion of the case or instances were courts have entered order bifurcating phases of discovery, and they do not address the situation presented here where a party is seeking discovery of attorneys' fees and costs incurred in an underlying action and which form the basis of the plaintiff's alleged damages in a subsequent indemnification action. Doc. No. 43 at 12-13 (citing *In re Estate of Ransburg*, 608 So. 2d 49, 50-51 (Fla. 2d DCA 1992) (seeking discovery related to attorneys' fees and costs incurred in initial stages of pending case and finding the amount of attorneys' fees should normally be deferred); *In re Lloyd's American Trust Fund Litigation*, 1998 WL 50211 at *20 (S.D. N.Y. Feb. 6, 1998) (courts may enter orders providing for phased discovery and citing authority for the same). In this case, the attorney's fees and costs Defendant seeks to discover are integral to GAF's claim for damages.

1. The Motion is **GRANTED** to the extent that **within seven (7) calendar days from the date of this order**, GAF shall serve Defendant with:

   a. A full and complete response to Interrogatory Nos. 4 and 5;

   b. All documents responsive to Request No. 4 relating to the underlying action;

2. The Motion is further **GRANTED**, pursuant to Rule 36(a)(6), Federal Rules of Civil Procedure, to the extent that Defendant's Request for Admission No. 1 will be deemed admitted; and

3. The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 14, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 12 -