**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BUILDING MATERIALS**
**CORPORATION OF AMERICA d/b/a**
**GAF MATERIALS CORPORATION**
**and ROOFING SUPPLY GROUP**
**ORLANDO LLC,**

           **Plaintiffs,**

**v.**                                                             **Case No: 6:15-cv-548-Orl-22GJK**

**HENKEL CORPORATION,**

           **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's, Building Materials Corporation of America d/b/a GAF Materials Corporation[1] ("Plaintiff"), Partial Objection and Motion for Reconsideration ("Objection") (Doc. No. 53) filed on March 18, 2016. The Objection pertains to the Magistrate Judge's March 14, 2016 Order (Doc. No. 51) granting in part and denying in part Defendant's, Henkel Corporation ("Defendant"), Motion to Compel Discovery and Award of Attorneys' Fees ("Motion to Compel") (Doc. No. 37). Defendant filed its Response to the Objection on April 1, 2016. (Doc. No. 60). On April 6, 2016, Plaintiff filed a Motion for Leave to file a Reply to Defendant's Response. (Doc. No. 62). For the following reasons, the Court overrules Plaintiff's Objection, affirms the Magistrate Judge's Order, and denies Plaintiff's Motion for Leave.

---

[1] The Motion to Compel and Objection pertain to GAF. (Doc. No. 53 p. 1 n.1). For the purposes of this Order, "Plaintiff" refers to GAF although RSG remains a party to this action.

## I. BACKGROUND

This is an indemnity action against Defendant regarding a water-based roofing adhesive (the "Product") Plaintiff bought from Defendant. (Doc. No. 51 p. 2). Roofing Supply Group Orlando LLC ("RSG"), Plaintiff's distributor, sold the product to Thermoset, a contractor that installed a roof system at the Lyden Pindling International Airport in Nassau, Bahamas. (*Id.*). Thermoset sued Plaintiff and RSG, alleging that the Product is defective. (*Id.*). They both seek indemnification from Defendant regarding that lawsuit. The parties dispute whether Plaintiff provided a specific formula for the Product, resulting in a material alteration to the indemnity provision of its purchase order. As the Magistrate Judge's Order comprehensively captures the background and details of this matter, this Court adopts its recitation of any remaining facts.

The Magistrate Judge recommended that Defendant's Motion to Compel be granted in part and denied part. Defendant sought to compel Plaintiff to "provide better answers to interrogatory nos. 4 and 5 of Defendant's first set of interrogatories; (2) provide better answers to Defendant's first requests for admission nos. 1 and 2; and (3) produce all documents responsive to request nos. 4 and 5 of Defendant's first requests for production." (*Id.* at p. 4; Doc. No. 37 p. 1). The Magistrate Judge granted the Motion to Compel on Interrogatory Nos. 4 and 5, Request for Admission No. 1, and Request for Production No. 4. On the other hand, the Magistrate Judge denied the Motion to Compel on Request for Admission No. 2, and Request for Production No. 5.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure (the "Rules) Rule 72(a) permits a magistrate judge to issue orders deciding pretrial matters that are "not dispositive of a party's claim or defense."

District judges, upon a timely objection to such an order, must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A).

There is clear error when "although there is evidence to support . . . [a determination], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *TemPay*, 929 F. Supp. 2d at 1260.

### III. DISCUSSION

Discovery is a crucial instrument to the pursuit of the truth and justice. Therefore, litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Reconsideration is proper if the moving party shows that "(1) there has been an intervening change in the law; (2) new evidence has become available; or (3) there is a need to correct clear error or manifest injustice." *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967); *Logsdon v. Duron, Inc.*, No. 3:05-CV-243J16HTS, 2005 WL 2122674, at *1 (M.D. Fla. Sept. 2, 2005).

Plaintiff timely filed an objection to the Magistrate Judge's Order. In the Objection, Plaintiff contends only that the Magistrate Judge's findings were clearly erroneous and created a manifest injustice regarding Interrogatory No. 5 and Request for Admission No. 1. It did not contend a change in the law or any new evidence. Therefore, whether this Court needs to modify the Magistrate Judge's Order for clear error and the determination on Plaintiff's Motion for Reconsideration are taken together. The following analysis pertains only to the two objected discovery requests from the Magistrate Judge's Order. 28 U.S.C. § 636(b).

Two rules of discovery are relevant here.  First, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."  Fed. R. Civ. P. 33(a)(2).  Second, "a party may serve . . . a written request to admit . . . the truth of any matters . . . relating to facts, the application of law to fact or opinions about either . . . ."  *Id*. at 36(a)(1)(A).  Interrogatory No. 5 asks Plaintiff to "[i]dentify all persons at GAF's Research and Development department involved with the testing of the formula modifications of the 3738T." (Doc. No. 37 ¶ 2).  Request for Admission No. 1 asks Plaintiff to "[a]dmit that GAF requested modifications to the 3738T water-based bonding adhesive to include the addition of an antioxidant." (*Id*. at ¶ 8).

There is no clear error or manifest injustice in compelling Plaintiff to respond to Defendant's discovery requests because the requests are contemplated by Rules 33 and 36.  As the Magistrate Judge notes, the threshold issue is whether Defendant has carried its burden of demonstrating the requests' relevance. (Doc. No. 51 p. 4).  "Relevance, for purposes of discovery, . . . is construed broadly to include any matter that reasonably could lead to the discovery of admissible evidence."  *Bashore v. Performance Plumbing of S.W. Fla., Inc*., 2:14-cv-296-FtM-29CM, 2015 WL 9474295, at *2 (M.D. Fla. Dec. 29, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Here, Defendant rebuts Plaintiff's claims for indemnification on the basis of a "material alteration" defense pursuant to Article II U.C.C. § 2-207, codified in Florida Statutes § 672.207.  Plaintiff refutes entering the alleged "prior agreement" to supply a specific formula for the Product.  Assessing the existence of such agreement—as both parties plan to do on summary judgment (Doc. No. 53 p. 10 n.10; Doc. No. 60 p. 5)—inherently involves determining who requested and developed the alleged material alteration.  Both requests relate to applying contract law to this case's facts, as noted in Rules 33 and 36.  Consequently, these requests do nothing more than facilitate the basic function of discovery—obtaining nonprivileged

matter that is relevant to any party's claim or defenses. Accordingly, the Objection has been sufficiently briefed and there is no need for Plaintiff to file a reply. (Doc. No. 63 p. 2 ¶ 1). Plaintiff is to respond to Interrogatory No. 5 as directed in the Magistrate Judge's Order and Request for Admission No. 1 is deemed admitted.

## IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Objection (Doc. No. 53) filed on March 18, 2016 is **OVERRULED**.
2. The Magistrate Judge's Order (Doc. No. 51) issued on March 14, 2016 is **AFFIRMED**.
3. Defendant's Motion to Compel (Doc. No. 37) filed on February 17, 2016 is **GRANTED in part and DENIED in part**.
4. Pertaining to Plaintiff's Objections:
   a. **Within seven (7) calendar days from the date of this Order**, Plaintiff GAF shall serve Defendant with a full and complete response to Interrogatory No. 5.
   b. Pursuant to Federal Rules of Procedure Rule 36(a)(6), Defendant's Request for Admission No. 1 will be deemed **ADMITTED**.
5. Plaintiff's Motion for Leave to file a Reply (Doc. No. 62) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 7, 2016.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Magistrate Judge Kelly