**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BUILDING MATERIALS**
**CORPORATION OF AMERICA and**
**ROOFING SUPPLY GROUP**
**ORLANDO LLC,**

    **Plaintiffs,**

v.                   Case No: 6:15-cv-548-Orl-22GJK

**HENKEL CORPORATION,**

    **Defendant.**

**ORDER**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT HENKEL CORPORATION'S SECOND MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF ATTORNEYS' FEES (Doc. No. 38)**
>
> **FILED:**   **February 26, 2016**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.**   **BACKGROUND.**

  On March 10, 2015, Building Materials Corporation of America, doing business as GAF Materials Corporation ("GAF"), and Roofing Supply Group Orlando LLC ("RSG") (collectively, the "Plaintiffs") filed a complaint (the "Complaint") against Henkel Corporation ("Henkel" or the "Defendant") in Florida's Ninth Judicial Circuit Court in and for Orange County, Florida.  Doc. No. 2.  On April 3, 2015, the Defendant removed the action to the United States District Court for

the Middle District of Florida on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. No. 1.

The Defendant is in the business of manufacturing residential and commercial roofing products. Doc. No. 2 at ¶¶ 2, 4. GAF sells residential and commercial roofing products. Doc. No. 2 at ¶ 2. RSG is a distributor of residential and commercial roofing products. Doc. No. 2 at ¶ 3. This is relatively straightforward breach of contract action brought by Plaintiffs alleging that the terms and conditions of GAF's standard Purchase Order (the "Purchase Order") (Doc. No. 2 at 104)[1] for a certain water-based roofing adhesive (the "Product") manufactured by the Defendant required Defendant to defend and indemnify Plaintiffs in an action brought against Plaintiffs by a third-party, Thermoset Corporation ("Thermoset"). Doc. No. 2 at ¶¶ 8-25, 34-42.[2]

Thermoset is a roofing contractor, which was installing a roof system at the Lyden Pindling International Airport, Nassau, Bahamas (the "Project") using the Product. *See* Doc. No. 2 at 2, 34-36. Ultimately, the roofing system failed and Thermoset brought an action against the Plaintiffs alleging that the Product is defective. Doc. No. 2 at 3, 33-49. GAF purchased the Product from the Defendant in March of 2010 and RSG received the Product from the Defendant on March 26, 2010. Doc. No. 2 at 3. In the underlying action, which was removed to the United States District Court in and for the Southern District of Florida (*see* Doc. No. 2 at 33-50), the District Court entered summary judgment in favor of GAF and RSG, and the matter is currently on appeal. *See* Doc. Nos. 38 at 2 n.2; 45 at 2, 4.

---

[1] The Purchase Order attached to the Complaint is largely illegible. *See* Doc. No. 2 at 104.

[2] Plaintiffs also asserted common law indemnity claims (Doc. No. 2 at 6-7, 9-10), but those claims have been voluntarily dismissed. *See* Doc. Nos. 35-36.

The Plaintiffs and Defendant in the instant action apparently agree that the Product is not defective. *See generally* Doc. No. 39 at 4 ("[A]ll parties agree that the [Product] was not defective."). Pursuant to the terms and conditions of the Purchase Order, Plaintiffs are seeking a determination that Defendant breached its duty to defend and indemnify Plaintiffs in the underling action and for an award of their attorneys' fees and costs incurred in the underlying action. *See* Doc. Nos. 2 at 6, 9-10; 45 at 5.

The Defendant generally maintains, among other defenses, that it has no duty to indemnify Plaintiffs in the underlying action because GAF provided the Defendant with a specific formula for creating the Product, which constitutes a material alteration to the warranty and indemnity terms and conditions of the Purchase Order under Section 672.207(2)(b), Florida Statutes. Doc. No. 37 at 3-4. A discovery dispute has arisen involving whether Defendant is entitled to discovery of all documents produced by and from Plaintiffs during discovery in the underlying action. Doc. No. 38 at 1-10. More specifically, on January 15, 2016, Defendant served GAF with its Second Request for Production, requesting all documents produced or received in discovery of the underlying case including: (1) all documents produced or received pursuant to Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedure (Request Nos. 1 and 3); (2) all documents produced or received pursuant to Rule 26(a)(1)(A)(iii), Federal Rules of Civil Procedure (Request Nos. 2 and 4); (3) all documents produced and received pursuant to Rule 34, Federal Rules of Civil Procedure (Request Nos. 5-6); (4) a copy of all deposition transcripts, including exhibits attached thereto, taken in the underlying action; and (5) all documents produced or received pursuant to Rule 45, Federal Rules of Civil Procedure. Doc. No. 38 at 2-5.

GAF objected to each of the requests for production, stating:

> Irrelevant and not proportional to the needs of this case or the issues at stake in this action. The information sought in this request has

> no importance in resolving the simple contractual issue involved herein, especially given the fact that the Court has granted Plaintiffs' motion to dismiss their common law indemnity claims, . . . and that no party in this action contends that the [Product] was defective in any way. The issue of whether or not [the Product] was defective was extensively litigated in [the underlying case] and involved the production of thousands of pages of written discovery and thousands of pages of deposition testimony. The issues in that case simply have no relevancy or bearing on whether or not GAF is entitled to recover its attorneys' fees, costs and expenses pursuant to the terms and conditions of its purchase order attached to the complaint in this action as Exhibit D. Moreover, this discovery constitutes an annoyance and oppression and will create undue burden and expense on the parties by having to re-litigate and otherwise deal with these totally unrelated collateral facts and issues which outweighs any possible benefit and is also not likely to lead to the discovery of any admissible evidence. To be clear, Plaintiffs are not contending that it would be a burden to physically produce the information requested; the burden argument is limited to the burden associated with what will unquestionably be an extensive amount of time, expense and judicial resources that will be expended by all in having to deal with these thousands of pages of documents and testimony which again, have no bearing on the issues in this case.

Doc. No. 38 at 2-3. Thus, GAF objected, arguing that the requests for production at issue are not proportional to the needs to this case, they seek information beyond the scope of this action, and they constitute an undue burden, but only to the extent that marshalling the production of such information has no particular bearing to the issues in this case. *Id*.

On February 23, 2016, Defendant filed a Motion to Compel Discovery and For An Award of Attorneys' Fees (the "Motion"), requesting that the Court enter an order overruling GAF's objections, compelling the production of all responsive documents, and awarding Defendant its reasonable expenses, pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure. Doc. No. 38 at 9-10. In the Motion, Defendant argues that the documents at issue are relevant to the issues in this case, including whether GAF requested a material alteration to the Product and the

reasonableness of attorneys' fees incurred in the underlying action. Doc. No. 38 at 9.[3]  On March 8, 2016, GAF filed a response (the "Response"). Doc. No. 45. GAF maintains that all of documents produced in discovery of the underlying case have no bearing on any issue in this case because Defendant's material alteration contentions and defenses related thereto have no merit. Doc. No. 45 at 2-20.

## II.   ANALYSIS.

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  A party is entitled to the facts relevant to the litigation. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. 2002).  The party seeking discovery has the threshold burden of demonstrating that the discovery requested is relevant.  *Zorn v. Principal Life Ins. Co.*, 2010 WL 3282982, at *2 (S.D. Ga. Aug. 18, 2010) (citing *Canada v. Hotel Development-Texas, Ltd.*, 2008 WL 3171940, at *1 (N.D. Tex. July 30, 2008)).  Relevant information need not be

---

[3]  The undersigned's Case & Trial Management Preferences, which may be found at http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgKelly.htm, provide that parties filing motions to compel or motions for protective order are required to email chambers a Microsoft WORD document containing a full quotation of each discovery request at issues and response thereto.  On March 14, 2016, the Court previously directed the parties to the undersigned's preferences and warned that, in the future, any motion to compel or motion for protective order that fails to comply with this directive will be denied.  Doc. No. 51 at n.4.  The Motion was filed on February 23, 2016, prior to the Court's above-stated directive.  Doc. No. 38.  Nevertheless, Defendant failed to subsequently email a WORD document to chambers containing a full quotation of each discovery request at issue and response thereto.  While the Court could deny the Motion for failing to do so, in the interests of efficiency and to prevent further delay of this case, the Court will resolve the Motion on the merits.   The parties will be directed to immediately comply with the undersigned's Case & Trial Management Preferences for any motions to compel and motions for protective order that are currently pending or that are filed after the entry of this order.

admissible at trial, but rather discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[4] "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (*referencing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "[A] party demanding discovery is required to set forth its requests simply, directly, not vaguely or ambiguously. . . ." *Treister v. PNC Bank*, 2007 WL 521935, at * 2 (S.D. Fla. Feb. 15, 2007).

GAF essentially maintains that it is entitled to approximately $803,215.00 in attorneys' fees and costs for defending the underlying action, but the Defendant is not entitled to discover any of the documents produced therein. The documents requested relate to both the reasonableness of the attorneys' fees and costs incurred by GAF in the underlying action and the Defendant's defenses in this action. While GAF maintains that Defendant's claim of a material alternation has no merit, that issue is more appropriately resolved at the summary judgment stage or at trial. Moreover, GAF acknowledges that there is no actual undue burden in producing the documents requested. *See* Doc. Nos. 38 at 3. Thus, the Court finds that the documents requested in Request Nos. 1-8 are relevant to claims and defenses in this case, they are proportional to the needs of this case, the documents are readily available because they are in GAF's possession, custody, or control, and the burden or expense of producing the same does not outweigh their likely benefit. Accordingly, on or before May 2, 2016, GAF will be compelled to produce all documents responsive to Request Nos. 1-8.

---

[4] Demonstrating relevance progresses in layers. "When the discovery sought appears relevant on its face, the party resisting it must show the lack of relevance by demonstrating that it: (1) does not come within the broad scope of relevance as defined under discovery rule; or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. When relevancy of a discovery request is not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy." *Zorn*, 2010 WL 3282982, at *2 n. 3 (S.D. Ga. Aug. 18, 2010) (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).

Rule 37(a)(5)(A), Federal Rules of Civil Procedure, provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id*. The Court must impose an award of reasonable expenses unless the movant failed to: (1) confer with the opposing party in a good faith attempt to resolve the issues raised in the motion prior to filing the motion to compel; (2) the opposing party's objections were substantially justified; or (3) other circumstances make an award of reasonable expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  In this case, Defendant conferred with GAF prior to filing the Motion (Doc. No. 38 at 10), and GAF failed to raise any argument(s) in the Response that its objections were substantially justified or that other circumstances make an award of reasonable expenses unjust.  Doc. No. 45 at 2-20.  Accordingly, the Court finds, pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, that Defendant is entitled to an award of reasonable expenses.  The parties are directed to immediately confer in a good faith attempt to agree on the quantification of Defendant's reasonable expenses incurred in bringing the Motion.  On or before May 9, 2016, if the parties have been unable to agree on the amount of reasonable expenses, Defendant may file a motion for quantification with supporting affidavit(s), timesheet(s) and a memorandum of law.

### III.   CONCLUSION.

Based on the foregoing, it is hereby **ORDERED** that:

1. The Motion (Doc. No. 38) is **GRANTED** as follows:

    a. **On or before May 2, 2016**, GAF shall produce all documents responsive to Defendant's Second Request for Production Nos. 1-8; and

    b. Pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, Defendant is

- 8 -

      awarded its reasonable expenses incurred in bringing the Motion; and

   c.  The parties are directed to immediately confer in a good faith attempt to agree on the quantification of Defendant's reasonable expenses; and

   d.  **On or before May 9, 2016**, if the parties are unable to agree on the amount of reasonable expenses incurred in bringing the Motion, Defendant shall file a motion for quantification with supporting affidavit(s), timesheet(s) and a memorandum of law; and

2. The parties shall immediately comply with the undersigned's Case & Trial Management Preferences for any motions to compel and motions for protective order that are currently pending or that are filed after the date of this order. *See supra* n.3. **Failure to do so will result in the denial of any motions to compel or motions for protective order that fail to comply with the undersigned's Case & Trial Management Preferences**.

   **DONE** and **ORDERED** in Orlando, Florida on April 26, 2016.

                                        */s/ Gregory J. Kelly*
                                        GREGORY J. KELLY
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties